UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**LAVONNE WALSH,**

        **Plaintiff,**

**v.**                                                                     **Case No:   6:20-cv-1185-Orl-37EJK**

**TARGET CORPORATION,**

        **Defendant.**
_____/

**REPORT AND RECOMMENDATION**

Plaintiff's Motion to Remand ("the Motion") comes before the Court upon referral to the undersigned for issuance of a Report and Recommendations. (Doc. 15.) Defendant filed its response in opposition, and thus the motion is ripe for review. (Doc. 18.) Upon consideration, I respectfully recommend that the Motion be granted.

**I.     BACKGROUND**

On February 27, 2020, Plaintiff instituted this personal injury action in the Circuit Court of the Seventh Judicial Circuit in and for Volusia County, Florida, against Defendant Target Corporation after she slipped and fell inside one of its stores located at 2575 Enterprise Road, Orange City, Florida 32763. (Compl., Doc. 1-1.) In the Complaint, Plaintiff alleges that her incident resulted from Defendant's negligent maintenance of the property, and as such, it should be held liable for her damages stemming from the slip and fall. (*Id.*) Specifically, she claims that she

> suffered bodily injury . . . resulting in pain and suffering, disability, disfigurement, permanent and significant scarring, mental anguish, loss of the capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, loss of earning, loss of the ability to earn money, and aggravation of previously existing condition.

(*Id.* ¶ 11.)

Plaintiff alleges that her total damages exceed $30,000. (Doc. 1-1.) While the action was pending in state court, Defendant propounded interrogatories and requests for production on Plaintiff. (Doc. 18, ¶ 4.) On July 11, 2020, Plaintiff produced, according to Defendant, $51,193.38 in past medical bills.[1] (Docs. 1-7; 18, ¶ 4.) This prompted Defendant to remove the action to this Court on July 2, 2020, citing diversity subject matter jurisdiction. (Docs. 1; 18, ¶¶ 5–6.) Alongside the Removal Notice, Defendant attached a copy of Plaintiff's medical records and bills, which indicate the following: 1) Plaintiff accumulated $51,193.38 in medical bills; 2) she had surgery on both hands; 3) she is suffering from low back pain which radiates into her leg and neck pain radiating into her forearms; and 4) she has a fracture in her left foot. (Doc. 1, ¶ 5.) Plaintiff now moves to remand this case back to state court, contending that Defendant failed to establish that the amount in controversy exceeds $75,000. (Doc. 15 at 1.)

## II.     STANDARD

Federal court removal is governed by 28 U.S.C. § 1441(a), which provides in part:

> Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants to the district court of the United States for the district and division embracing the place where such action is pending.

---

[1] In their briefing, the parties fail to explain how the $51,193.38 in past medical bills was calculated (*see* Docs. 15, 18), and it is not apparent to the undersigned upon review of the parties' respective exhibits. Nevertheless, Plaintiff does not dispute this amount, so the undersigned will accept the representation that Plaintiff has $51,193.38 in past medical bills.

28 U.S.C. § 1441(a). Under Federal Rule of Civil Procedure 12(b)(1), an action must be dismissed if the Court lacks subject matter jurisdiction.[2] *See Steel Co. v. Citizens for a Better Env't.*, 523 U.S. 83, 94 (1998). Federal district courts are courts of limited jurisdiction. Parties seeking to invoke that jurisdiction must show that the underlying claim is based upon either diversity jurisdiction (cases in which the parties are of diverse citizenship and "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs") or federal question jurisdiction (i.e., "a civil action arising under the Constitution, laws, or treaties of the United States"). *See* 28 U.S.C. §§ 1331, 1332.

Procedurally, removal is governed by 28 U.S.C. § 1446. Removal statutes are strictly construed against removal. *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994) ("[R]emoval statutes are construed narrowly; where plaintiff and defendant clash about jurisdiction, uncertainties are resolved in favor of remand."). Any doubt as to proper subject matter jurisdiction should be resolved against removal. *Id.* The removing party has the burden of proving that jurisdiction exists by a preponderance of the evidence, and when it fails to do so, the case must be remanded. *Williams v. Best Buy Co.*, 269 F.3d 1316, 1319–1321 (11th Cir. 2001).

### III. DISCUSSION

In the instant Motion, Plaintiff does not dispute that the parties are diverse; instead, she contends that Defendant has failed to meet its burden of demonstrating that, at the time of removal, the amount in controversy exceeded $75,000. (Doc. 15 at 1–2.) Defendant refutes this argument by pointing to, *inter alia*, Plaintiff's $51,193.38 in past medical bills. (Doc. 18, ¶ 4.) Upon

---

[2] A federal district court "has the obligation to review *sua sponte* whether it has subject matter jurisdiction" and if jurisdiction is found to be lacking, the Court cannot proceed, and its sole remaining duty is to state that it lacks jurisdiction and dismiss the case. *Fla. Wildlife Fed'n, Inc. v. S. Fla. Water Mgmt. Dist.*, 647 F.3d 1296, 1302 (11th Cir. 2011).

consideration, I find that Defendant failed to demonstrate by a preponderance of evidence that the amount in controversy exceeds $75,000.00.[3]

"If a plaintiff makes 'an unspecified demand for damages in state court, a removing defendant must prove by a preponderance of the evidence that the amount in controversy more likely than not exceeds the . . . jurisdictional requirement.'" *Roe v. Michelin N. Am., Inc.*, 613 F.3d 1058, 1061 (11th Cir. 2010) (quoting *Tapscott v. MS Dealer Serv. Corp.*, 77 F.3d 1353, 1357 (11th Cir. 1996), *abrogated on other grounds by Cohen v. Office Depot, Inc.*, 204 F.3d 1069 (11th Cir. 2000)). Here, Plaintiff did not allege a specified amount in damages—only that her total damages exceeded $30,000. (Doc. 1-1.) Thus, Defendant must demonstrate, by a preponderance of evidence, that the amount in controversy exceeds $75,000.00. The parties do not dispute that there are at least $51,193.38 in past medical bills. (*See* Docs. 15, 18.) Their respective positions diverge on the issue of whether set-offs should be considered when determining the amount in controversy for jurisdiction purposes.

Plaintiff explains that the $51,193.38 was *already* paid by her insurance, Blue Cross Blue Shield, and thus, pursuant to Florida Statute § 768.79,[4] she would be barred from collecting the

---

[3] The undersigned is uncertain whether Defendant even met its burden of showing that the amount in controversy exceeded $75,000 in the Removal Notice. The only concrete number that Defendant supplied to support the amount in controversy was the $51,193.38 in medical bills. (Doc. 1, ¶ 5.) Though Defendant references medical records indicating that Plaintiff had two surgeries on her hands, suffers from back pain, and has a fracture in her left foot, these documents do not provide a dollar amount for the procedure or for medical intervention. (Docs. 1-8–10.) Moreover, Defendant does not explain how these medical records go toward showing that the amount in controversy exceeds $75,000. (Doc. 1.)

[4] Section 768.76 provides, in relevant part:

> (1) In any action to which this part applies in which liability is admitted or is determined by the trier of fact and in which damages are awarded to compensate the claimant for losses sustained, the court shall reduce the amount of such award by the total of all

- 4 -

$51,193.38 in damages. (Doc. 15 at 3.) Relying on *Jackson v. St. Jude Medical Neuromodulation Div.*, Plaintiff argues that the amount previously paid by her insurance should be set off from the amount in controversy for determining jurisdiction purposes. (*Id.* (citing 62 F. Supp. 3d 1343, 1346–47 (M.D. Fla. 2014)). Subtracting the $51,193.38 would result in medical-related damages of $9,326.45.[5] (*Id.* at 3.) This amount, according to Plaintiff, represents her outstanding medical damages at the time this action was removed to this Court. (*Id.*) Plaintiff arrived at this figure by taking the sum of her outstanding medical bills ($3,667.59) and the lien asserted by her third-party administrator, Central States Health and Welfare Fund, ($5,658.86). (*Id.*) Because the total of her outstanding medical bills is far below the jurisdictional requirement, Plaintiff contends that Defendant has failed to demonstrate that, at the time of removal, the amount in controversy exceeded $75,000. (*Id.* at 3–5.) Conversely, Defendant, relying on a string of authority from this District, argues that "set offs should not be considered when determining whether the amount in controversy meets the jurisdictional requirement." (Doc. 18 at 5.) Thus, Defendant argues, the $51,193.38 should be included in the amount in controversy calculation. (*Id.*)

---

> amounts which have been paid for the benefit of the claimant, or which are otherwise available to the claimant, from all collateral sources; however, there shall be no reduction for collateral sources for which a subrogation or reimbursement right exists.
> (2) For purposes of this section:
> (a) Collateral sources means any payments made to the claimant, or made on the claimant's behalf, by or pursuant to . . .
> 2. Any health, sickness, or income disability insurance; automobile accident insurance that provides health benefits or income disability coverage; and any other similar insurance benefits, except life insurance benefits available to the claimant, whether purchased by her or him or provided by others.

Fla. Stat. § 768.79(1), (2)(a)(2).
[5] Defendant claims that Plaintiff's calculation is incorrect; yet, it did not provide an alternative amount. (Doc. 18, ¶ 6.) Thus, the undersigned will rely on Plaintiff's representation that her outstanding medical bills at the time of removal amounted to $9,326.45.

Over the past decade, judges in this District have refined their approach for considering set-offs when determining the amount in controversy for jurisdiction purposes. In 2010, a judge in this District explored § 768.76's impact on determining the amount in controversy for jurisdictional purposes, when the operative complaint fails to plead a specific amount of damages. *See Stramiello v. Petsmart, Inc.*, No. 8:10-cv-659-T-33TGW, 2010 WL 2136550, at *3–4 (M.D. Fla. May 26, 2010) (Covington, J.). In *Stramiello*, like in the instant case, the plaintiffs explained that though they accumulated over $100,000 in medical bills, § 786.79 precluded them from collecting any amounts previously reimbursed. *Id.* at 4. After the set-offs, the plaintiffs contended that they could recover only approximately $22,000 in medical bills. *Id.* Plaintiffs argued that because $22,000 was well below the $75,000 amount in controversy requirement, the defendant failed to show by a preponderance of evidence that the action had an amount in controversy in excess of $75,000. *Id.* The court rejected the plaintiffs' argument "because it fail[ed] to account for the fact that the [c]ourt must look to the amount in controversy at the time of removal." *Id.* Thus, it "logically follows that subject matter jurisdiction is not defeated simply because the parties might anticipate a future reduction in recoverable damages." *Id.* This court applied a similar analysis in *Henry v. K-Mart Corp.*, later that year. *See* No. 8:10-cv-2105-T-33MAP, 2010 WL 5113558, at *4 (M.D. Fla. Dec. 9, 2010) (Covington, J.) ("Because [the plaintiff] . . . at the time of removal [was] entitled to seek $78,856.64 in medical expenses (regardless of a future set-off), [the defendant] has met its burden in establishing the required amount in controversy. . . .").

Four years later, another judge in this District revisited the amount in controversy issue presented in *Stramiello* and *Henry*. *Jackson*, 62 F. Supp. 3d 1343, 1345–48 (Chappell, J.). Uncertain whether the plaintiff had damages that exceeded $10,000, the court directed the parties to file supplemental briefing on the court's diversity subject matter jurisdiction. *Id.* at 1345. The

defendant conceded that the plaintiff had only $10,000 in unpaid medical bills. *Id.* at 1346. Nevertheless, the defendant, relying on the holdings from *Stramiello* and *Henry*, argued that the amount in controversy exceeded the jurisdictional amount because the plaintiff's medical bills, "exclusive of any write offs and adjustments," exceeded the jurisdictional requirement, and the plaintiff made a pre-lawsuit settlement demand of $300,000. *Id.* The *Jackson* court found that *Stramiello* and *Henry* were distinguishable from the case before the court because "the vast majority of [the] [p]laintiff's medical care had been paid at the time of removal, and been paid directly by" the plaintiff's automobile insurance company. *Id.* at 1347. Therefore, the court found that the defendant failed to demonstrate that the amount in question was anything more than $10,000, the plaintiff's unpaid medical bills. *Id.*

Following *Jackson*, several courts within the Eleventh Circuit have recognized and relied upon the case when calculating the amount in controversy. *See Mavromatis v. Geovera Specialty Ins. Co.*, No. 8:18-cv-2146-T-60AEP, 2019 WL 3543707, at *2 (M.D. Fla. Aug. 5, 2019) (Barber, J.); *Dickerson v. Barancik*, No. 8:18-cv-895-T-36JSS, 2018 WL 11176792, at *4 (M.D. Fla. Dec. 6, 2018) (Honeywell, J.); *Armbrister v. Cumberland Farms, Inc.*, No. 2:17-cv-14062, 2017 WL 7794284, at *2 (S.D. Fla. July 24, 2017). Moreover, several courts have independently reached the same conclusion. *See Teodorescu v. Intown Suites Military Trail, LLC*, No. 17-80054, 2017 WL 9280112, at *2 (S.D. Fla. Feb. 9, 2017) (considering payments by the plaintiff's insurance company when determining the amount in controversy for jurisdictional purposes); *Ruffer v. State Farm Mut. Auto. Ins. Co.*, No. 8:15-cv-1914-T-23TBM, 2015 WL 8739928, at *2 (M.D. Fla. Dec. 15, 2015) (Merryday, J.) (considering a set-off that occurred before removal when calculating the amount-in-controversy); *Spencer v. Safeway Ins. Co. of Ala.*, No. 14–0380–CG-N, 2014 WL 5335825, at *4 (S.D. Ala. Oct. 20, 2014) ("Where . . . the amount in controversy is not clear on

the face of the state court complaint . . . post-removal stipulations and representations . . . [are] proper "clarifications," rather than "changes," to the amount in controversy."). *But see Feria v. SunTrust Banks, Inc.*, No. 11-CV-24436, 2012 WL 1029506, at *2 (S.D. Fla. Mar. 26, 2012) (refusing to consider "any set-off at the jurisdictional phase in determining whether the amount in controversy is met" because "the amount in controversy is determined at the time of removal, not later").

The foregoing cases demonstrate that the weight of authority considers pre-removal payments when determining the amount in controversy for jurisdictional purposes. As such, the undersigned will recommend that the Court consider any set-offs by Plaintiff's insurance when calculating the amount in controversy. Here, Plaintiff argues that she has $9,326.45 in outstanding medical related damages and that her insurance previously paid $51,193.83. Defendant does not refute these assertions or provide documentation to the contrary. Therefore, Defendant has failed to show by a preponderance of evidence that the amount in controversy exceeds $75,000. I respectfully recommend that this case be remanded to the state court for lack of diversity subject matter jurisdiction.

**IV.   RECOMMEDATION**

Upon consideration of the foregoing, I **RESPECTFULLY RECOMMEND** that the Court:

1. **GRANT** the Motion to Remand (Doc. 15) and **REMAND** this case to the Circuit Court of the Seventh Judicial Circuit in and for Volusia County, Florida;

2. **DIRECT** the Clerk of Court to send a certified copy of the Order remanding the case to the Clerk of Court for the Circuit Court of the Seventh Judicial Circuit in and for Volusia County, Florida; and

3. **DIRECT** the Clerk of Court to close the file.

## NOTICE TO PARTIES

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1.

Recommended in Orlando, Florida on August 27, 2020.

_____
EMBRY J. KIDD
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record